**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 9:19-cv-80538-ALTMAN/BRANNON

BRANDI YIP, on behalf of herself and all others
similarly situated, and OVETA TRUBOW,

     Plaintiffs,

v.

NMS MANAGEMENT SERVICES, INC.,
EXAMONE WORLD WIDE, INC., and
ELAINE TAULE,

     Defendants.

_____/

## DEFENDANT EXAMONE WORLD WIDE, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant ExamOne World Wide, Inc. ("Defendant" or "ExamOne World Wide") by and through its counsel, hereby answers the allegations in Plaintiffs' Third Amended Complaint in the above-captioned matter in accordance with its numbered Paragraphs as set forth below.[1] Defendant avers that Plaintiffs' *seriatim* allegation of being similarly situated to others constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are  similarly situated to each other or anyone else, and, without repeating it in each instance, Defendant intends for this position to apply in each instance in which Plaintiffs allege that they are  similarly situated to anyone. Defendant denies any allegations in the Third Amended Complaint that are not expressly admitted herein.

---

[1] Plaintiffs' Third Amended Complaint contains several headings and/or sub-headings.  Defendant does not consider these to be substantive allegations within the Third Amended Complaint to which a responsive pleading is required. However, to the extent a responsive pleading is required, Defendant denies any and all allegations contained within any heading or sub-heading of the Third Amended Complaint.

### NATURE OF ACTION

1.      Whether Defendant jointly employed Plaintiffs as Mobile Examiners is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that it employed Plaintiffs.

2.      Defendant admits that a complaint was filed on or about June 29, 2016, in the United States District Court for the Southern District of New York, No. 1:16-cv-05165-ER-KNF, *Vecchio v. Quest Diagnostics, Inc., et al.* (the "*Vecchio* litigation"), which is a document that speaks for itself. Defendant admits that the *Vecchio* litigation is still ongoing. Defendant denies the remaining allegations in Paragraph 2 of the Third Amended Complaint.

3.      Admitted.

4.      Denied.

5.      Defendant denies that it employed Plaintiffs or that Plaintiffs did anything on its behalf. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Third Amended Complaint.

6.      Denied.

7.      Paragraph 7 does not contain any allegations concerning Defendant and, as such, no response is required. To the extent a response is required, except to aver upon information and belief that no retaliation occurred, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Third Amended Complaint.

8.      Paragraph 8 does not contain any allegations concerning Defendant and, as such, no response is required. To the extent a response is required, except to aver upon information and belief that no retaliation occurred, Defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 8 of the Third Amended Complaint.

## PARTIES

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Third Amended Complaint.

10. Defendant admits that Plaintiff Brandi Yip ("Plaintiff Yip" or "Yip") purports to consent to participate in this lawsuit.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Third Amended Complaint.

12. Defendant admits that Plaintiff Oveta Trubow ("Plaintiff Trubow" or "Trubow") purports to consent to participate in this lawsuit.

13. Admitted.

14. Admitted.

15. Paragraph 15 does not contain any allegations concerning Defendant and, as such, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Third Amended Complaint.

16. Upon information and belief, Elaine Taule ("Taule") was the President of Defendant NMS Management Services, Inc. ("NMS") for a certain period. Defendant denies the remaining allegations in Paragraph 16 of the Third Amended Complaint.

17. The allegations in Paragraph 17 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to Taule's work with NMS and denies the remaining allegations in Paragraph 17 of the Third Amended Complaint.

3

## PERSONAL JURISDICTION

18.     Whether the exercise of personal jurisdiction over Defendant comports with due process is a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the remaining allegations in Paragraph 18 of the Third Amended Complaint.

19.     Except to aver upon information and belief that no retaliation or violation of any law occurred, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs were contracted and/or performed work within the Southern District of Florida.  Defendant denies that it employed Plaintiffs, denies that class or collective action treatment is appropriate in this action, and further denies the remaining allegations in Paragraph 19 of the Third Amended Complaint.

20.     The allegations in Paragraph 20 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20 of the Third Amended Complaint.

## SUBJECT MATTER JURISDICTION AND VENUE

21.     The allegations in Paragraph 21 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to invoke the jurisdiction of this Court.

22.     Defendant denies that any of the wrongs alleged in the Third Amended Complaint occurred. The remaining allegations in Paragraph 22 of the Third Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs purport to invoke venue in this Court and denies the remaining allegations in Paragraph 22 of the Third Amended Complaint.

23.     The allegations in Paragraph 23 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23 of the Third Amended Complaint.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Third Amended Complaint.

**FLSA COVERAGE**

25.     The allegations in Paragraph 25 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is engaged in interstate commerce and has an annual income of no less than $500,000. .

26.     The allegations in Paragraph 26 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that certain materials used by Mobile Examiners were used in interstate commerce and denies the remaining allegations in Paragraph 26 of the Third Amended Complaint.

27.     The allegations in Paragraph 27 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it has billed and received payment from out-of-state entities and/or individuals and denies the remaining allegations in Paragraph 27 of the Third Amended Complaint.

28.     The allegations in Paragraph 28 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Third Amended Complaint.

29.     The allegations in Paragraph 29 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Third Amended Complaint.

30. The allegations in Paragraph 30 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Third Amended Complaint relating to NMS and Taule. Defendant admits that it has billed and received payment from out-of-state entities and/or individuals and is engaged in interstate commerce and denies the remaining allegations in Paragraph 30 of the Third Amended Complaint.

31. The allegations in Paragraph 31 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that certain materials used by Mobile Examiners were used in interstate commerce and denies the remaining allegations in Paragraph 31 of the Third Amended Complaint.

## STATEMENT OF FACTS

### The Business Model of ExamOne And NMS Defendants

32. Defendant admits that it provides risk assessment testing for life insurance companies. Defendant denies the remaining allegations in Paragraph 32 of the Third Amended Complaint.

33. Paragraph 33 does not contain any allegations concerning Defendant and, as such, no response is required. To the extent a response is required, except to deny that NMS is an "affiliate" of Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Third Amended Complaint.

34.     The allegations in Paragraph 34 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Third Amended Complaint.

35.     Defendant avers that the website referenced in Paragraph 35 of the Third Amended Complaint, if it exists, is a document that speaks for itself. To the extent a response is required, Defendant admits that it has a location at 2901 South Congress Avenue, Palm Springs, Florida.

36.     Paragraph 36 does not contain any allegations concerning Defendant and, as such, no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 36 of the Third Amended Complaint.

37.     Paragraph 37 does not contain any allegations concerning Defendant and, as such, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Third Amended Complaint.

38.     Defendant admits that it has locations in various states in the United States, and admits that sometimes it enters into contracts with third parties, such as NMS, which are documents that speak for themselves. Defendant denies the remaining allegations in Paragraph 38 of the Third Amended Complaint.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

7

43.     Defendant avers that the emails referenced in Paragraph 43 of the Third Amended Complaint are documents that speak for themselves. except to deny that it is a "home office" or "corporate" for NMS, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Third Amended Complaint.

44.     Denied.

45.     Except to admit that Plaintiffs are/were not employees of Defendant, Defendant denies the remaining allegations in Paragraph 45 of the Third Amended Complaint.

46.     Denied.

47.     Defendant avers that the "Independent Technician Contract" referenced in Paragraph 47 of the Third Amended Complaint, if it exists, is a document that speaks for itself and denies the remaining allegations in Paragraph 47 of the Third Amended Complaint.

48.     Defendant avers that the contract referenced in Paragraph 48 of the Third Amended Complaint, if it exists, is a document that speaks for itself and denies entering into any such contract.

49.     Defendant avers that the "Independent Technician Contract" referenced in Paragraph 49 of the Third Amended Complaint, if it exists, is a document that speaks for itself and denies the remaining allegations in Paragraph 49 of the Third Amended Complaint.

50.     Defendant avers that the contract referenced in Paragraph 50 of the Third Amended Complaint, if it exists, is a document that speaks for itself and denies entering into any such contract.

51.     Defendant avers that the contracts referenced in Paragraph 51 of the Third Amended Complaint, if they exist, are documents that speak for themselves. Defendant denies

employing Plaintiffs and is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiffs purport to believe.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs entered into a "Confidentiality and Non-Disclosure Acknowledgement" with NMS. Defendant avers that any such "Confidentiality and Non-Disclosure Acknowledgement," if it exists, is a document that speaks for itself. Defendant denies the remaining allegations in Paragraph 52 of the Third Amended Complaint.

53. Defendant avers that any "Non-Disclosure Acknowledgement," if it exists, is a document that speaks for itself. Defendant further avers that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of the Third Amended Complaint.

54. Paragraph 54 does not contain any allegations concerning Defendant and, as such, no response is required. To the extent a response is required, Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiffs purport to believe. Defendant denies the remaining allegations in Paragraph 54 of the Third Amended Complaint.

55. The allegations in Paragraph 55 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55 of the Third Amended Complaint, including Sub-Paragraphs (a)-(ff), and further responds as follows:.

a. Defendant does not know what Plaintiffs mean by "an integral part of the Defendants' joint business venture" and therefore is without knowledge or information sufficient to form a belief as to the truth of that allegation in

9

Paragraph 55(a) of the Third Amended Complaint. Defendant denies the remaining allegations in Paragraph 55(a) of the Third Amended Complaint.

b.       Defendant denies that it employed Plaintiffs and denies the remaining allegations in Paragraph 55(b) of the Third Amended Complaint.

c.       Defendant denies that it employed Plaintiffs and denies the remaining allegations in Paragraph 55(c) of the Third Amended Complaint

d.       Paragraph 55(d) does not contain any allegations concerning Defendant and, as such, no response is required. To the extent a response is required, Defendant avers that it lacks knowledge or information sufficient to form a belief as to what NMS provided to Plaintiffs. Defendant denies the remaining allegations in Paragraph 55(d) of the Third Amended Complaint.

e.       Defendant avers that the "ExamOne Standards and Protocols Manual for Insurance Examination Services" referenced in Paragraph 55(e), if it exists, is a document that speaks for itself. Defendant denies the remaining allegations in Paragraph 55(e) of the Third Amended Complaint.

f.       Defendant avers that the "ExamOne Standards and Protocols Manual for Insurance Examination Services" referenced in Paragraph 55(f), if it exists, is a document that speaks for itself. Defendant denies the remaining allegations in Paragraph 55(f) of the Third Amended Complaint.

g.       Defendant avers that the "ExamOne eNews" emails referenced in Paragraph 55(g), if they exist, are documents that speak for themselves. Defendant denies the remaining allegations in Paragraph 55(g) of the Third Amended Complaint.

h. Denied.

i. Defendant avers that the emails referenced in Paragraph 55(i), if they exist, are documents that speak for themselves. Defendant denies the remaining allegations in Paragraph 55(i) of the Third Amended Complaint.

j. Defendant avers that it lacks knowledge or information sufficient to form a belief as to what NMS required of Plaintiffs. Defendant denies the remaining allegations in Paragraph 59(j) of the Third Amended Complaint.

k. Denied.

l. Denied.

m. Denied.

n. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what NMS required of Plaintiffs. Defendant avers that the "ExamOne Standards and Protocols Manual for Insurance Examination Services" referenced in Paragraph 55(n), if it exists, is a document that speaks for itself. Defendant denies the remaining allegations in Paragraph 55(n) of the Third Amended Complaint.

o. Denied.

p. Defendant avers that it lacks knowledge or information sufficient to form a belief as to what NMS required of Plaintiffs. Defendant denies the remaining allegations in Paragraph 55(p) of the Third Amended Complaint

q. Defendant avers that it lacks knowledge or information sufficient to form a belief as to what NMS required of Plaintiffs.

r. Denied.

s.       Defendant admits that Plaintiffs used the ExamOne portal in order to submit their availability, and various entities populated the available slots with appointments. Defendant denies that it employed Plaintiffs and denies the remaining allegations in Paragraph 55(s) of the Third Amended Complaint

t.       Defendant admits that Plaintiffs used the ExamOne portal in order to submit their availability, and various entities populated the available slots with appointments. Defendant denies that it employed Plaintiffs and denies the remaining allegations in Paragraph 55(t) of the Third Amended Complaint.

u.       Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55(u) of the Third Amended Complaint.

v.       Defendant admits that Plaintiffs used the ExamOne portal in order to submit the hours they claim to have provided services. Defendant denies the remaining allegations in Paragraph 55(v) of the Third Amended Complaint.

w.       Denied.

x.       Defendant denies that it employed Plaintiffs and that it jointly supervised the work of Plaintiffs and the other Mobile Examiners. Defendant admits that NMS Defendants would collect insurance forms completed on behalf of applicants. Except to admit that Defendant offers case management services to certain clients to review case information in order to ensure quality standards and that Defendant responds to quality issues identified by insurance carrier clients, Defendant denies the remaining allegations in Paragraph 55(x) of the Third Amended Complaint.

y.      Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55(y) of the Third Amended Complaint.

z.      Denied.

aa.     Denied.

bb.     Denied.

cc.     Paragraph 55(cc) does not contain any allegations concerning Defendant and, as such, no response is required. To the extent a response is required, Defendant avers that it is without knowledge or information sufficient to form a belief as to whether NMS and Taule provided equipment to Plaintiffs. Defendant denies that it employed Plaintiffs and denies the remaining allegations in Paragraph 55(cc) of the Third Amended Complaint.

dd.     Defendant denies that it employed Plaintiffs and denies the remaining allegations in Paragraph 55(dd) of the Third Amended Complaint.

ee.     Denied.

56.     Defendant denies the allegations in Paragraph 56 of the Third Amended Complaint.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Third Amended Complaint.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Third Amended Complaint.

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Third Amended Complaint.

**Plaintiffs Join The _Vecchio_ Litigation And Later Withdraw.**

60.    Defendant admits that Plaintiff Yip joined the _Vecchio_ litigation. The allegations in Paragraph 60 of the Third Amended Complaint regarding tolling of the statute of limitations for Plaintiff Yip's claims are conclusions of law to which no response is required. Defendant further avers that the document at [ECF No. 1-2] referenced in Paragraph 60 of the Third Amended Complaint is a document that speaks for itself. Defendant denies the remaining allegations in Paragraph 60 of the Third Amended Complaint.

61.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Third Amended Complaint.

62.    Except to admit that Plaintiff Trubow joined the _Vecchio_ litigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Third Amended Complaint.

63.    Defendant denies that it employed Plaintiff Yip. Defendant avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of the Third Amended Complaint.

64.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Third Amended Complaint.

65.    Defendant admits that Plaintiff Yip withdrew as a plaintiff from the _Vecchio_ litigation in or about December 2018. The allegations in Paragraph 65 of the Third Amended Complaint regarding the limitations period for Plaintiff Yip's claims are conclusions of law to which no response is required. Defendant denies the remaining allegations in Paragraph 65 of the Third Amended Complaint.

66.    Defendant admits that Plaintiff Trubow joined the _Vecchio_ litigation. The allegations in Paragraph 66 of the Third Amended Complaint regarding tolling of the statute of

limitations for Plaintiff Trubow's claims are conclusions of law to which no response is required. Defendant denies the remaining allegations in Paragraph 66 of the Third Amended Complaint.

67.     Defendant denies that it employed Plaintiff Trubow and denies the remaining allegations in Paragraph 67 of the Third Amended Complaint.

68.     Defendant admits that Plaintiff Trubow withdrew as a plaintiff from the *Vecchio* litigation in or about December 2018. The allegations in Paragraph 68 of the Third Amended Complaint regarding the limitations period for Plaintiff Trubow's claims are conclusions of law to which no response is required. Defendant denies the remaining allegations in Paragraph 68 of the Third Amended Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

69.     The allegations in Paragraph 69 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purports to bring this case as a collective action under the Fair Labor Standards Act ("FLSA") as alleged in Paragraph 69 of the Third Amended Complaint, but denies that Plaintiffs are similarly situated to each other or anyone else or that the case should proceed as a collective action. Defendant denies the remaining allegations in Paragraph 69 of the Third Amended Complaint.

70.     The allegations in Paragraph 70 of the Third Amended Complaint relating to the appropriateness of collective action treatment of Plaintiffs' FLSA claims constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs' proposed collective encompasses only individuals in Florida, denies that this case should proceed as a collective action and denies the remaining allegations in Paragraph 70 of the Third Amended Complaint.

**Plaintiffs Yip's Employment With Defendants.**

71.     Denied.

72.     Denied.

73.     Defendant denies that it employed Plaintiff Yip. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 of the Third Amended Complaint.

74.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Third Amended Complaint.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Third Amended Complaint.

76.     Defendant denies that it employed Plaintiff Yip. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Third Amended Complaint.

77.     Defendant denies that it employed Plaintiff Yip and denies the remaining allegations in Paragraph 77 of the Third Amended Complaint.

78.     Defendant admits that Plaintiff Yip used the ExamOne portal in order to submit her availability, and various entities populated the available slots with appointments. Defendant denies that it employed Plaintiff Yip and denies the remaining allegations in Paragraph 78 of the Third Amended Complaint.

79.     Denied.

80.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Third Amended Complaint.

16

81.     Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff Yip typically drove to and from appointments and denies the remaining allegations in Paragraph 81 of the Third Amended Complaint.

82.     Defendant denies that it employed Plaintiff Yip, admits that it did not reimburse her for any alleged expenses, and avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 of the Third Amended Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Third Amended Complaint.

84.     Defendant denies that it employed Plaintiff Yip and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Third Amended Complaint.

85.     Defendant denies that it employed Plaintiff Yip and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Third Amended Complaint.

86.     Defendant denies that it employed Plaintiff Yip and avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 of the Third Amended Complaint.

87.     Defendant denies that it employed Plaintiff Yip and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Third Amended Complaint.

88. Defendant denies that it employed Plaintiff Yip and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Third Amended Complaint.

89. Defendant denies that it employed Plaintiff Yip and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Third Amended Complaint.

90. Defendant denies that it employed Plaintiff Yip and denies the remaining allegations in Paragraph 90 of the Third Amended Complaint.

91. Defendant denies that it employed Plaintiff Yip, admits that it did not pay Plaintiff Yip, and denies the remaining allegations in Paragraph 91 of the Third Amended Complaint.

92. Defendant denies that it employed Plaintiff Yip, admits that it did not pay Plaintiff Yip,  and denies the remaining allegations in Paragraph 92 of the Third Amended Complaint.

93. Defendant denies that it employed Plaintiff Yip, admits that it did not pay Plaintiff Yip, and denies the remaining allegations in Paragraph 93 of the Third Amended Complaint.

94. Defendant denies that it employed Plaintiff Yip, admits that it did not pay Plaintiff Yip, and denies the remaining allegations in Paragraph 94 of the Third Amended Complaint.

95. Defendant denies that it employed Plaintiff Yip, admits that it did not reimburse Plaintiff Yip for any alleged expenses, and denies the remaining allegations in Paragraph 95 of the Third Amended Complaint.

96. Defendant avers that it is without knowledge or information sufficient to form a belief as to how Plaintiff Yip was paid.  Defendant denies the remaining allegations in Paragraph 96 of the Third Amended Complaint.

97.     Defendant avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Third Amended Complaint.

98.     Defendant avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Third Amended Complaint.

99.     Defendant denies that it employed Plaintiff Yip. Defendant avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of the Third Amended Complaint.

100.     The allegations in Paragraph 100 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the Florida and federal minimum wage rates as they were in 2013 speak for themselves.

101.     The allegations in Paragraph 101 of the Third Amended Complaint regarding the IRS mileage reimbursement rate constitute legal conclusions to which no response is required. To the extent a response is required as to those allegations, Defendant avers that the IRS mileage reimbursement rate as it existed in 2013 speaks for itself. Defendant denies that it employed Plaintiff Yip or that it possesses any "records" concerning her pay or alleged hours of work. Defendant avers that it is without knowledge or information sufficient to form a belief as to what Plaintiff Yip purports to believe or as to what information Plaintiff Yip has or does not have in her possession.  Defendant denies the remaining allegations in Paragraph 101 of the Third Amended Complaint, including Sub-Paragraphs (a)-(e), and further responds as follows:

### October 25, 2013 to December 31, 2013 (10 Weeks)

a.     The allegations in Paragraph 101(a) of the Third Amended Complaint regarding Plaintiff's regular rate constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it

19

employed Plaintiff Yip. Defendant further avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101(a) of the Third Amended Complaint.

b.      Denied.

c.      Denied.

d.      The allegations in Paragraph 101(d) of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the consent to sue form referenced in Paragraph 101(d) is a document that speaks for itself and denies the remaining allegations in Paragraph 101(d) of the Third Amended Complaint.

e.      The allegations in Paragraph 101(e) of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 101(e) of the Third Amended Complaint.[2]

102.    The allegations in Paragraph 102 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the Florida and federal minimum wage rates as they were in 2014 speak for themselves.

103.    The allegations in Paragraph 103 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the IRS mileage reimbursement rate as it existed in 2014 speaks for itself.

---

[2] Defendant denies that it employed Plaintiff Yip and further denies that Plaintiffs are entitled to the relief sought in footnote 1 of the Third Amended Complaint.

104.    Defendant denies that it employed Plaintiff Yip or that it possesses any "records" concerning her pay or alleged hours of work. Defendant avers that it is without knowledge or information sufficient to form a belief as to what Plaintiff Yip purports to believe or as to what information Plaintiff Yip has or does not have in her possession. Defendant denies the remaining allegations in Paragraph 104 of the Third Amended Complaint, including Sub-Paragraphs (a)-(d), and further responds as follows:

### January 1, 2014 to December 31, 2014 (52 Weeks)

a.    The allegations in Paragraph 104(a) of the Third Amended Complaint regarding Plaintiff Yip's regular rate constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it employed Plaintiff Yip. Defendant further avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104(a) of the Third Amended Complaint.

b.    Denied.

c.    Denied.

d.    The allegations in Paragraph 104(d) of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 104(d) of the Third Amended Complaint.

105.    The allegations in Paragraph 105 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the Florida and federal minimum wage rates as they were in 2015 speak for themselves.

106.    The allegations in Paragraph 106 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the IRS mileage reimbursement rate as it existed in 2015 speaks for itself.

107.    Defendant denies that it employed Plaintiff Yip or that it possesses any "records" concerning her pay or alleged hours of work.. Defendant avers that it is without knowledge or information sufficient to form a belief as to what Plaintiff Yip purports to believe or as to what information Plaintiff Yip has or does not have in her possession. Defendant denies the remaining allegations in Paragraph 107 of the Third Amended Complaint, including Sub-Paragraphs (a)-(d), and further responds as follows:

<u>**January 1, 2015 to December 31, 2015 (52 Weeks)**</u>

a.    The allegations in Paragraph 107(a) of the Third Amended Complaint regarding Plaintiff's regular rate constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it employed Plaintiff Yip. Defendant further avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107(a) of the Third Amended Complaint.

b.    Denied.

c.    Denied.

d.    The allegations in Paragraph 107(d) of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 107(d) of the Third Amended Complaint.

108.    The allegations in Paragraph 108 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required,

22

Defendant avers that the Florida and federal minimum wage rates as they were in 2016 speak for themselves.

109.    The allegations in Paragraph 109 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the IRS mileage reimbursement rate as it existed in 2016 speaks for itself.

110.    Defendant denies that it employed Plaintiff Yip or that it possesses any "records" concerning her pay or alleged hours of work. Defendant avers that it is without knowledge or information sufficient to form a belief as to what Plaintiff Yip purports to believe. Defendant further avers that it is without knowledge or information sufficient to form a belief as to what Plaintiff Yip purports to believe or as to what information Plaintiff Yip has or does not have in her possession. Defendant denies the remaining allegations in Paragraph 110 of the Third Amended Complaint, including Sub-Paragraphs (a)-(d), and further responds as follows:

**<u>January 1, 2016 to December 31, 2016 (52 Weeks)</u>**

a.    The allegations in Paragraph 110(a) of the Third Amended Complaint regarding Plaintiff's regular rate constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it employed Plaintiff Yip. Defendant further avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110(a) of the Third Amended Complaint.

b.    Denied.

c.    Denied.

d.    The allegations in Paragraph 110(d) of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a

23

response is required, Defendant denies the allegations in Paragraph 110(d) of the Third Amended Complaint.

111. The allegations in Paragraph 111 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the Florida and federal minimum wage rates as they were in 2017 speak for themselves.

112. The allegations in Paragraph 112 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the IRS mileage reimbursement rate as it existed in 2017 speaks for itself.

113. Defendant denies that it employed Plaintiff Yip or that it possesses any "records" concerning her pay or alleged hours of work. Defendant avers that it is without knowledge or information sufficient to form a belief as to what Plaintiff Yip purports to believe or as to what information Plaintiff Yip has or does not have in her possession. Defendant denies the remaining allegations in Paragraph 113 of the Third Amended Complaint, including Sub-Paragraphs (a)-(f), and further responds as follows:

**January 1, 2017 to May 9, 2017 (17 Weeks)**

a. The allegations in Paragraph 113(a) of the Third Amended Complaint regarding Plaintiff's regular rate constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it employed Plaintiff Yip. Defendant further avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113(a) of the Third Amended Complaint.

b. Denied.

c. Denied.

24

d. Defendant denies that it employed Plaintiff Yip. Defendant denies the remaining allegations in Paragraph 113(d) of the Third Amended Complaint.

e. Admitted.

f. The allegations in Paragraph 113(f) of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 113(f) of the Third Amended Complaint.

114. The allegations in Paragraph 114 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 114 of the Third Amended Complaint.

### Plaintiff Trubow's Employment With Defendants

115. Denied.

116. Denied.

117. Defendant denies that it employed Plaintiff Trubow. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 of the Third Amended Complaint.

118. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Third Amended Complaint.

119. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Third Amended Complaint.

120. Defendant denies that it employed Plaintiff Trubow. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Third Amended Complaint.

121. Defendant denies that it employed Plaintiff Trubow and denies the remaining allegations in Paragraph 121 of the Third Amended Complaint.

122. Defendant admits that Plaintiff Trubow used the ExamOne portal in order to submit her availability, and various entities populated the available slots with appointments. Defendant denies that it employed Plaintiff Trubow and denies the remaining allegations in Paragraph 122 of the Third Amended Complaint.

123. Denied..

124. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Third Amended Complaint.

125. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff Trubow typically drove to and from appointments and denies the remaining allegations in Paragraph 125 of the Third Amended Complaint.

126. Defendant denies that it employed Plaintiff Trubow, admits that it did not reimburse her for any alleged expenses, and avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126 of the Third Amended Complaint.

127. Defendant denies the allegations in Paragraph 127 of the Third Amended Complaint.

128. Defendant denies that it employed Plaintiff Trubow and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Third Amended Complaint.

129. Defendant denies that it employed Plaintiff Trubow and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Third Amended Complaint.

130. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Third Amended Complaint.

131. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Third Amended Complaint.

132. Defendant denies that it employed Plaintiff Trubow and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Third Amended Complaint.

133. Defendant denies that it employed Plaintiff Trubow and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Third Amended Complaint.

134. Defendant denies that it employed Plaintiff Trubow and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Third Amended Complaint.

135. Defendant denies that it employed Plaintiff Trubow and denies the remaining allegations in Paragraph 135 of the Third Amended Complaint.

136. Defendant denies that it employed Plaintiff Trubow, admits that it did not pay Plaintiff Trubow, and denies the remaining allegations in Paragraph 136 of the Third Amended Complaint.

137. Defendant denies that it employed Plaintiff Trubow, admits that it did not pay Plaintiff Trubow, and denies the remaining allegations in Paragraph 137 of the Third Amended Complaint.

138. Defendant denies that it employed Plaintiff Trubow, admits that it did not pay Plaintiff Trubow, and denies the remaining allegations in Paragraph 138 of the Third Amended Complaint.

139. Defendant denies that it employed Plaintiff Trubow, admits that it did not pay Plaintiff Trubow, and denies the remaining allegations in Paragraph 139 of the Third Amended Complaint.

140. Defendant denies that it employed Plaintiff Trubow, admits that it did not reimburse Plaintiff Trubow for any alleged expenses, and denies the remaining allegations in Paragraph 140 of the Third Amended Complaint.

141. Defendant denies that it employed Plaintiff Trubow. Defendant avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141 of the Third Amended Complaint.

142. Defendant denies that it employed Plaintiff Trubow or that it possesses any "records" concerning her pay or alleged hours of work. Defendant avers that it is without knowledge or information sufficient to form a belief as to what Plaintiff Trubow purports to believe or as to what information Plaintiff Trubow has or does not have in her possession. Defendant denies the remaining allegations in Paragraph 142 of the Third Amended Complaint, including Sub-Paragraphs (a)-(f), and further responds as follows:

### March 6, 2014 to December 31, 2014 (41 Weeks)

a. The allegations in Paragraph 142(a) of the Third Amended Complaint regarding Plaintiff's regular rate constitute legal conclusions to which no response

is required. To the extent a response is required, Defendant denies that it employed Plaintiff Trubow. Defendant further avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142(a) of the Third Amended Complaint.

b.      Denied.

c.      Denied.

d.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142(d) of the Third Amended Complaint.

e.      Admitted.

f.      The allegations in Paragraph 142(f) of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 142(f) of the Third Amended Complaint.

143.    Defendant denies that it employed Plaintiff Trubow or that it possesses any "records" concerning her pay or alleged hours of work. Defendant avers that it is without knowledge or information sufficient to form a belief as to what Plaintiff Trubow purports to believe or as to what information Plaintiff Trubow has or does not have in her possession. Defendant denies the remaining allegations in Paragraph 143 of the Third Amended Complaint, including Sub-Paragraphs (a)-(d), and further responds as follows:

**January 1, 2015 to December 31, 2015 (52 Weeks)**

a.      The allegations in Paragraph 143(a) of the Third Amended Complaint regarding Plaintiff's regular rate constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it

29

employed Plaintiff Trubow. Defendant further avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143(a) of the Third Amended Complaint.

b. Denied.

c. Denied.

d. The allegations in Paragraph 143(d) of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 143(d) of the Third Amended Complaint.

144. Defendant denies that it employed Plaintiff Trubow or that it possesses any "records" concerning her pay or alleged hours of work. Defendant avers that it is without knowledge or information sufficient to form a belief as to what Plaintiff Trubow purports to believe or as to what information Plaintiff Trubow has or does not have in her possession. Defendant denies the remaining allegations in Paragraph 144 of the Third Amended Complaint, including Sub-Paragraphs (a)-(d), and further responds as follows:

**January 1, 2016 to December 31, 2016 (52 Weeks)**

a. The allegations in Paragraph 144(a) of the Third Amended Complaint regarding Plaintiff's regular rate constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it employed Plaintiff Trubow. Defendant further avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144(a) of the Third Amended Complaint.

b. Denied.

c. Denied.

30

d.      The allegations in Paragraph 144(d) of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 144(d) of the Third Amended Complaint.

145.    Defendant denies that it employed Plaintiff Trubow or that it possesses any "records" concerning her pay or alleged hours of work. Defendant avers that it is without knowledge or information sufficient as to what Plaintiff Trubow purports to believe or as to what information Plaintiff Trubow has or does not have in her possession. Defendant denies the remaining allegations in Paragraph 145 of the Third Amended Complaint, including Sub-Paragraphs (a)-(e), and further responds as follows:

**January 1, 2017 and May 15, 2017 (20 Weeks)**

a.      The allegations in Paragraph 145(a) of the Third Amended Complaint regarding Plaintiff's regular rate constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it employed Plaintiff Trubow. Defendant further avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145(a) of the Third Amended Complaint.

b.      Denied.

c.      Denied.

d.      Admitted.

e.      The allegations in Paragraph 145(e) of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 145(e) of the Third Amended Complaint.

31

146.   The allegations in Paragraph 146 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 146 of the Third Amended Complaint.

## COUNT I: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA
### (29 U.S.C. § 206)

Defendant re-alleges and incorporates its responses to Paragraphs 1 through 146 of the Third Amended Complaint as if fully asserted herein.

147.   The allegations in Paragraph 147 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the FLSA is a statute the text of which speaks for itself.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Defendant admits that Plaintiffs request attorneys' fees and costs as alleged in Paragraph 152 of the Third Amended Complaint, but denies that they are entitled to the requested relief or any other relief.

## REQUEST FOR RELIEF

Defendant denies that Plaintiffs or any other individuals are entitled to any relief of any kind, including any of the relief sought against Defendant in Paragraphs (a)–(j) following the "Wherefore" clause after Paragraph 152 of the Third Amended Complaint, on Plaintiffs' behalf individually and/or on behalf of the alleged putative collective action members Plaintiffs purport to seek to represent, the existence of which are expressly denied. To the extent the allegations in Paragraphs (a)–(j) following the "Wherefore" clause after Paragraph 152 of the Third Amended

Complaint require a response, Defendant denies each and every allegation contained in Paragraphs (a)–(j).

## COUNT II: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA
### (29 U.S.C. § 207)

Defendant re-alleges and incorporates its responses to Paragraphs 1 through 152 of the Third Amended Complaint as if fully asserted herein.

153.    The allegations in Paragraph 153 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the FLSA is a statute the text of which speaks for itself, denies that it employed Plaintiffs, and denies the remaining allegations in Paragraph 153 of the Third Amended Complaint.

154.    The allegations in Paragraph 154 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 154 of the Third Amended Complaint.

155.    The allegations in Paragraph 155 of the Third Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 155 of the Third Amended Complaint.

156.    Denied.

157.    The allegations in Paragraph 157 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it employed Plaintiffs, and denies the remaining allegations in Paragraph 157 of the Third Amended Complaint.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Defendant admits that Plaintiffs request attorneys' fees and costs as alleged in Paragraph 163 of the Third Amended Complaint, but denies that they are entitled to the requested relief or any other relief.

## REQUEST FOR RELIEF

Defendant denies that Plaintiffs or any other individuals are entitled to any relief of any kind, including any of the relief sought against Defendant in Paragraphs (a)–(j) following the "Wherefore" clause after Paragraph 163 of the Third Amended Complaint, on Plaintiffs' behalf individually and/or on behalf of the alleged putative collective action members Plaintiffs purport to seek to represent, the existence of which are expressly denied. To the extent the allegations in Paragraphs (a)–(j) following the "Wherefore" clause after Paragraph 163 of the Third Amended Complaint require a response, Defendant denies each and every allegation contained in Paragraphs (a)–(j).

## COUNT III: VIOLATION OF 29 U.S.C. § 215(A)(3)
## RETALIATORY DISCHARGE OF BRANDI YIP

Defendant re-alleges and incorporates its responses to Paragraphs 1 through 163 of the Third Amended Complaint as if fully asserted herein.

164.    Denied.

165.    Denied.

166.    Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff Yip noticed anything about her calendar. Defendant denies the remaining allegations in Paragraph 166 of the Third Amended Complaint.

167. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the Third Amended Complaint.

168. Defendant denies that it employed Plaintiff Yip or indicated anything to NMS about any work concerning Plaintiff Yip and further avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168 of the Third Amended Complaint.

169. Denied.

170. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Third Amended Complaint.

171. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Third Amended Complaint.

172. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Third Amended Complaint.

173. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the Third Amended Complaint. Defendant further avers that the documents at ECF No. 1-4 referenced in Paragraph 173 of the Third Amended Complaint are documents that speak for themselves.

174. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Third Amended Complaint.

175. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Third Amended Complaint.

176. Denied.

177.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Third Amended Complaint.

178.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Third Amended Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 178 of the Third Amended Complaint.

179.    Defendant denies that it employed Plaintiff Yip and denies the remaining allegations in Paragraph 179 of the Third Amended Complaint.

180.    The allegations in Paragraph 180 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the FLSA is a statute the text of which speaks for itself.

181.    Denied.

182.    Denied.

183.    Defendant admits that Plaintiff Yip requests attorneys' fees and costs as alleged in Paragraph 183 of the Third Amended Complaint, but denies that she is entitled to the requested relief or any other relief.

### REQUEST FOR RELIEF

Defendant denies that Plaintiff Yip or any other individuals are entitled to any relief of any kind, including any of the relief sought against Defendant in Paragraphs (a)–(e) following the "Wherefore" clause after Paragraph 183 of the Third Amended Complaint, on Plaintiff Yip's behalf individually and/or on behalf of the alleged putative collective action members Plaintiff Yip purports to seek to represent, the existence of which are expressly denied. To the extent the allegations in Paragraphs (a)–(e) following the "Wherefore" clause after Paragraph 183 of the

Third Amended Complaint require a response, Defendant denies each and every allegation contained in Paragraphs (a)–(e).

## COUNT IV – VIOLATION OF THE FLORIDA WHISTLEBLOWER ACT BY BRANDI YIP

Defendant re-alleges and incorporates its responses to Paragraphs 1 through 183 of the Third Amended Complaint as if fully asserted herein.

184. Denied.

185. Defendant is without knowledge or information sufficient to form a belief as to the truth of when Plaintiff Yip noticed anything about her calendar. Defendant denies the remaining allegations in Paragraph 185 of the Third Amended Complaint.

186. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the Third Amended Complaint..

187. Defendant denies that it employed Plaintiff Yip or indicated anything to NMS about any work concerning Plaintiff Yip and further avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187 of the Third Amended Complaint.

188. Denied.

189. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Third Amended Complaint.

190. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 of the Third Amended Complaint.

191. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the Third Amended Complaint.

192.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Third Amended Complaint. Defendant further avers that the documents at ECF No. 1-4 referenced in Paragraph 192 of the Third Amended Complaint are documents that speak for themselves.

193.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 of the Third Amended Complaint.

194.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the Third Amended Complaint.

195.     Denied.

196.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Third Amended Complaint.

197.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the Third Amended Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 197 of the Third Amended Complaint.

198.     Defendant denies that it employed Plaintiff Yip and denies the remaining allegations in Paragraph 198 of the Third Amended Complaint.

199.     The allegations in Paragraph 199 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 199 of the Third Amended Complaint.

200.     The allegations in Paragraph 200 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 200 of the Third Amended Complaint.

201.    The allegations in Paragraph 201 of the Third Amended Complaint constitute legal conclusions to which no response is required.

202.    Denied.

203.    The allegations in Paragraph 203 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the FLSA and Fla. Stat. 448.101(4) are statutes the text of which speak for themselves.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

Defendant denies that Plaintiff Yip or any other individuals are entitled to any relief of any kind, including any of the relief sought against Defendant in the "Wherefore" clause following Paragraph 207 of the Third Amended Complaint, on Plaintiff Yip's behalf individually and/or on behalf of the alleged putative collective action members Plaintiff Yip purports to seek to represent, the existence of which are expressly denied.

## COUNT V: VIOLATION OF 29 U.S.C. § 215(A)(3) RETALIATORY DISCHARGE OF OVETA TRUBOW

Defendant re-alleges and incorporates its responses to Paragraphs 1 through 207 of the Third Amended Complaint as if fully asserted herein.

208.    Defendant denies that it employed Plaintiff Trubow and denies the remaining allegations in Paragraph 208 of the Third Amended Complaint.

209.    Defendant denies that it employed Plaintiff Trubow and denies the remaining allegations in Paragraph 209 of the Third Amended Complaint.

39

210. Denied.

211. Denied.

212. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 of the Third Amended Complaint.

213. Defendant denies that it employed Plaintiff Trubow and denies the remaining allegations in Paragraph 213 of the Third Amended Complaint.

214. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 of the Third Amended Complaint.

215. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 of the Third Amended Complaint.

216. Denied.

217. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 of the Third Amended Complaint.

218. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 of the Third Amended Complaint. Defendant further avers that the documents at ECF No. 1-4 referenced in Paragraph 218 of the Third Amended Complaint are documents that speak for themselves.

219. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 of the Third Amended Complaint.

220. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 of the Third Amended Complaint.

221. Denied.

222. The allegations in Paragraph 222 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the FLSA is a statute the text of which speaks for itself.

223. Denied.

224. Denied.

225. Defendant admits that Plaintiff Trubow requests attorneys' fees and costs as alleged in Paragraph 225 of the Third Amended Complaint, but denies that she is entitled to the requested relief or any other relief.

## REQUEST FOR RELIEF

Defendant denies that Plaintiff Trubow is entitled to any relief of any kind, including any of the relief sought against Defendant in Paragraphs (a)–(e) following the "Wherefore" clause after Paragraph 225 of the Third Amended Complaint. To the extent the allegations in Paragraphs (a)–(e) following the "Wherefore" clause after Paragraph 225 of the Third Amended Complaint require a response, Defendant denies each and every allegation contained in Paragraphs (a)–(e).

## COUNT VI – VIOLATION OF THE FLORIDA WHISTLEBLOWER ACT BY OVETA TRUBOW

Defendant re-alleges and incorporates its responses to Paragraphs 1 through 225 of the Third Amended Complaint as if fully asserted herein.

226. Defendant denies that it employed Plaintiff Trubow and denies the remaining allegations in Paragraph 226 of the Third Amended Complaint.

227. Denied.

228. Denied.

41

229.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229 of the Third Amended Complaint.

230.    Defendant denies that it employed Plaintiff Trubow and denies the remaining allegations in Paragraph 230 of the Third Amended Complaint.

231.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 of the Third Amended Complaint.

232.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 of the Third Amended Complaint.

233.    Denied.

234.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 of the Third Amended Complaint.

235.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 of the Third Amended Complaint. Defendant further avers that the documents at ECF No. 1-4 referenced in Paragraph 235 of the Third Amended Complaint are documents that speak for themselves.

236.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 of the Third Amended Complaint.

237.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 of the Third Amended Complaint.

238.    Denied.

239.    The allegations in Paragraph 239 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 239 of the Third Amended Complaint.

240.	The allegations in Paragraph 240 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 240 of the Third Amended Complaint.

241.	The allegations in Paragraph 241 of the Third Amended Complaint constitute legal conclusions to which no response is required.

242.	Denied.

243.	The allegations in Paragraph 243 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the FLSA and Fla. Stat. 448.101(4) are statutes the text of which speak for themselves.

244.	Denied.

245.	Denied.

246.	Denied.

Defendant denies that Plaintiff Trubow is entitled to any relief of any kind, including any of the relief sought against Defendant in the "Wherefore" clause following Paragraph 246 of the Third Amended Complaint.

### COUNT VII – FLORIDA MINIMUM WAGE ACT VIOLATION(S)

Defendant re-alleges and incorporates its responses to Paragraphs 1 through 246 of the Third Amended Complaint as if fully asserted herein.

247.	The allegations in Paragraph 247 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the text of the Florida constitution speaks for itself.

248.	Defendant admits that Plaintiffs purport to bring a class action as alleged in Paragraph 248 of the Third Amended Complaint but denies that class action treatment is

43

appropriate in this action and denies the remaining allegations in Paragraph 248 of the Third Amended Complaint.

249. Defendant admits that Plaintiffs purport to seek unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, interest, and other relief as alleged in Paragraph 249 of the Third Amended Complaint but denies that Plaintiffs or any other individuals are entitled to any relief of any kind, including any of the relief sought against Defendant in Paragraph 249 of the Third Amended Complaint, on Plaintiffs' behalf individually and/or on behalf of the alleged putative class action members Plaintiffs purport to seek to represent, the existence of which are expressly denied.

### *Background Facts*

250. The allegations in Paragraph 250 of the Third Amended Complaint regarding Plaintiffs' compliance with pre-suit requirements is a legal conclusion to which no response is required. Defendant avers that the letters referenced in Paragraph 250 of the Third Amended Complaint are documents which speak for themselves. Defendant denies the remaining allegations in Paragraph 250 of the Third Amended Complaint.

251. The allegations in Paragraph 251 of the Third Amended Complaint regarding Defendants' timeliness and resolution of this matter are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it did not employ and did not pay Plaintiffs.

252. The allegations in Paragraph 252 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the historical Florida minimum wage rates speak for themselves.

253.     The allegations in Paragraph 253 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the historical IRS mileage reimbursement rates speak for themselves.

*Class Representation Allegations*

254.     Defendant admits that Plaintiffs purport to seek to bring a class action as alleged in Paragraph 254 of the Third Amended Complaint. The remaining allegations in Paragraph 254 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 254 of the Third Amended Complaint and further denies that this case should proceed as a class action.

255.     The allegations in Paragraph 255 of the Third Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purports to bring this case as a class action under Fed. R. Civ. P. 23 as alleged in Paragraph 255 of the Third Amended Complaint, but denies that the case should proceed as a class action. Defendant denies the remaining allegations in Paragraph 255 of the Third Amended Complaint.

256.     Defendant admits that Plaintiffs purport to exclude certain individuals from their proposed class, denies that the case should proceed as a class action and denies the remaining allegations in Paragraph 256 of the Third Amended Complaint.

257.     Defendant denies that the case should proceed as a class action and denies the remaining allegations in Paragraph 257 of the Third Amended Complaint.

258.     Defendant denies that the case should proceed as a class action and denies the remaining allegations in Paragraph 258 of the Third Amended Complaint.

259.    Defendant denies that the case should proceed as a class action and denies the remaining allegations in Paragraph 259 of the Third Amended Complaint.

260.    Defendant denies that the case should proceed as a class action and denies the remaining allegations in Paragraph 260 of the Third Amended Complaint.

261.    Defendant denies that the case should proceed as a class action and denies the remaining allegations in Paragraph 261 of the Third Amended Complaint.

262.    Defendant denies that the case should proceed as a class action and denies the remaining allegations in Paragraph 262 of the Third Amended Complaint.

263.    Defendant denies that the case should proceed as a class action and denies the remaining allegations in Paragraph 263 of the Third Amended Complaint.

264.    Defendant denies that the case should proceed as a class action and denies the remaining allegations in Paragraph 264 of the Third Amended Complaint.

265.    Defendant denies that the case should proceed as a class action and denies the remaining allegations in Paragraph 265 of the Third Amended Complaint.

266.    Defendant denies that the case should proceed as a class action and denies the remaining allegations in Paragraph 266 of the Third Amended Complaint.

267.    Denied.

268.    Defendant denies that the case should proceed as a class action and denies the remaining allegations in Paragraph 268 of the Third Amended Complaint.

Defendant denies that Plaintiffs or any other individuals are entitled to any relief of any kind, including any of the relief sought against Defendant in Paragraphs (a)–(h) following the "Wherefore" clause after Paragraph 268 of the Third Amended Complaint, on Plaintiffs' behalf individually and/or on behalf of the alleged putative class action members Plaintiffs purport to

seek to represent, the existence of which are expressly denied. To the extent the allegations in Paragraphs (a)–(h) following the "Wherefore" clause after Paragraph 268 of the Third Amended Complaint require a response, Defendant denies each and every allegation contained in Paragraphs (a)–(h).

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiffs are requesting a trial by jury but denies that Plaintiffs are entitled to a jury trial on some or all their claims in this matter.

## DEFENSES

Defendant asserts the following defenses without conceding that it bears the burden of proof as to any of the following defenses:

1. Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted.

2. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred in whole or in part by the applicable statutes of limitations.

3. Plaintiffs and the alleged putative collective and/or class action members were not employees or independent contractors of Defendant.

4. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred in whole or in part based on a proper classification as an independent contractor.

5. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred to the extent that they failed to exhaust their internal and/or administrative remedies.

6. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred in whole or in part because the Third Amended Complaint is uncertain in that

47

the purported collective and/or class is not defined and/or the purported collective and/or class definition is ambiguous and conclusory.

7. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred, in whole or in part, by statutory exclusions.

8. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred, in whole or in part, by the doctrines of exceptions, setoffs, credits, estoppel, recoupment, waiver, unclean hands, laches, and/or their inequitable or wrongful conduct under applicable law.

9. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred in whole or in part by the principles of accord and satisfaction and/or payment.

10. Plaintiffs and/or certain members of the purported collective and/or class action in the Third Amended Complaint are exempt from overtime requirements under the FLSA, including but not limited to, the administrative, executive, professional, highly compensated, outside sales, inside sales, retail or service establishment exemptions, or some combination of these exemptions.

11. Plaintiffs lack standing and cannot represent the interests of some or all of the putative collective and/or class action members.

12. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred in whole or in part to the extent said claims have been released, waived, discharged, and/or abandoned.

13. The state law claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred for lack of supplemental or pendent jurisdiction.

14. Plaintiffs are not entitled to certification of this action as a collective or class action because Plaintiffs and the individuals they purport to represent are not similarly situated to one

another, Plaintiffs' claims require individualized inquiries, and/or proof of damages would require separate trials.

15. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred because some or all of those individuals are not "employees" within the meaning of the FLSA or applicable state statutes.

16. If Defendant's failure to pay overtime and/or minimum wage was unlawful, although such is not admitted, Defendant had a good faith and reasonable belief that it acted properly in its pay practices with respect to Plaintiffs.

17. Pursuant to 29 U.S.C. § 259 and other applicable law, Defendant's alleged failure to pay Plaintiffs or any putative collective or class member overtime and minimum wages, if at all, was in good faith in conformity with and in reliance on administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

18. An award of liquidated damages would be an unconstitutional denial of Defendant's rights to due process and/or equal protection under the Fifth and Fourteenth Amendments of the United States Constitution and state law.

19. Plaintiffs, and any putative member of the purported collective action defined in the Third Amended Complaint, are barred from recovering penalties or liquidated damages pursuant to the FLSA, because: (a) Plaintiffs have failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agents or employees of Defendant acted willfully in failing to pay wages allegedly due to Plaintiffs or others.

20. If Defendant is found to have failed to pay any amount due to Plaintiffs, or any putative member of the purported collective and/or class action defined in the Third Amended

49

Complaint, which allegations Defendant denies, any payments should be calculated at a rate of one-half the regular hourly rate for each individual.

21. Plaintiffs fail to satisfy the prerequisites for class certification, and, therefore, lack standing and cannot represent the interests of others.

22. Plaintiffs have not alleged sufficient facts to justify a class action.

23. The Third Amended Complaint is not proper for treatment as a class action because, among other reasons, (a) the putative class that Plaintiffs purport to represent, the existence of which is expressly denied, lacks numerosity; (b) Plaintiffs cannot establish commonality; (c) Plaintiffs cannot establish typicality; and/or (d) Plaintiffs and their counsel are inadequate representatives of the purported class.

24. The alleged claims are barred, in whole or in part, as a class action because a class action is not the superior method for adjudicating this dispute.

25. Certification of a class, based upon the facts and circumstances of this case, would be an unconstitutional denial of Defendant's right to due process under the Fourteenth Amendment to the United States Constitution.

26. To the extent Plaintiffs and/or members of the putative collective and/or class action have executed agreements to arbitrate that encompass claims alleged in the Third Amended Complaint, their claims are barred by their contractual agreement to arbitrate.

27. Plaintiffs, and each putative member of the purported collective and/or class action defined in the Third Amended Complaint, are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

28. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred to the extent Plaintiffs, or members of the purported collective and/or class action defined in the Third Amended Complaint consented to any alleged activity or conduct.

29. Plaintiffs' claims cannot be properly joined with the claims of any potential members of the putative collective and/or class actions identified in the Third Amended Complaint.

30. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred in whole or in part because the work alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or *de minimis*.

31. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred, or their recovery should be reduced, because: (a) Defendant took reasonable steps to prevent and correct the conduct alleged in the Third Amended Complaint; (b) Plaintiffs unreasonably failed to use the preventative and corrective measures that Defendant provided; and (c) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiffs allegedly suffered, if any.

32. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred, in whole or in part, or diminished to the extent they have failed to mitigate or minimize their damages, the existence of which is denied.

33. The claims of Plaintiffs and/or some or all of the individuals they purport to represent may be barred, in whole or in part, because they have not suffered any injury or damages as a result of any acts or omissions of Defendant.

34.     The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred to the extent they purport to seek damages that are not available under the applicable statutes.

35.     Plaintiffs' equitable claims, and those of putative members of the purported collective and/or class action defined in the Third Amended Complaint, are barred in light of the fact that Plaintiffs and any such putative collective and/or class members have an adequate remedy at law.

36.     The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

37.     All actions taken by Defendant with respect to Plaintiffs were performed or carried out in good faith, based on legitimate and reasonable business factors unrelated to any statutory rights or protection invoked by Plaintiffs, and without any discriminatory or retaliatory motives toward Plaintiffs.

38.     Defendant has in place strong, well-distributed policies against discrimination, harassment, and retaliation, and otherwise exercised reasonable care to prevent and/or correct promptly any such behavior, and Plaintiffs unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise.

39.     If any improper, illegal, discriminatory or retaliatory action was taken by an employee of Defendant against Plaintiffs, which is denied, it was outside the course and scope of that employee's employment, contrary to company policy, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

40.     The damages of Plaintiffs and/or some or all of the individuals they purport to represent, if any, are limited by the applicable laws under which their claims are brought.

41.    Plaintiffs, by their own actions, are responsible, in whole or in part, for any alleged damages in this case.

42.    Defendant is not liable for punitive damages because neither Defendant nor any of its employees sufficiently high in its corporate hierarchy committed any act with malice or reckless indifference to Plaintiffs' protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

43.    Plaintiffs' damages are barred in whole or in part by the doctrine of after-acquired evidence.

44.    Defendant reserves the right to bring a mixed motive defense.

45.    Defendant reserves the right to add additional defenses and affirmative defenses as this case proceeds.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer and Defenses, including its responses to the allegations of the Third Amended Complaint, and to add any and all additional defenses as become known through discovery or investigation.

WHEREFORE, Defendant respectfully submits that the claims asserted in Plaintiffs' Third Amended Complaint should be dismissed, with prejudice, in their entirety and that Defendant should be awarded its attorneys' fees and costs incurred in defending this action as well as such other and further relief as the Court may deem just and proper.

Dated this September 5, 2019.          Respectfully submitted,

s/ Mark E. Zelek
Mark E. Zelek
Fla. Bar No.: 667773
E-Mail: mark.zelek@morganlewis.com

Dalisi O. Carrasco
Fla. Bar No.: 123634
E-Mail: dalisi.carrasco@morganlewis.com
Franco Bacigalupo
Fla. Bar No.: 119055
E-Mail: franco.bacigalupo@morganlewis.com
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard
Suite 5300
Miami, FL 33131-2339
Telephone: 305.415.3000
eFacsimile: 877.432.3001

*Counsel for Defendant ExamOne World Wide, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of E-Filing.

*/s/ Mark E. Zelek*
Mark E. Zelek

54

## SERVICE LIST

Adi Amit, Esquire
Adi Amit P.A.
101 Centre
101 N.E. Third Ave, Ste. 300
Ft. Lauderdale, FL 33301
adi@defenderofbusiness.com
milena@defenderofbusiness.com
rae@defenderofbusiness.com

*Counsel for Defendants NMS Management
Services, Inc., and Elaine Taule*

| | |
|---|---|
| Brian H. Pollock | Chris P. Wido, |
| Florida Bar No. 174742 | *pending pro hac admission* |
| FAIRLAW FIRM | THE SPITZ LAW FIRM, LLC |
| 7300 N. Kendall Drive, Suite 450 | 25200 Chagrin Boulevard, Suite 200 |
| Miami, FL 33156 | Beachwood, OH 44122 |
| Tel: (305) 230-4884 | Tel: (216) 291-4744 |
| Email: brian@fairlawattorney.com | Email: chris.wido@spitzlawfirm.com |
| | |
| *Local Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

DB1/ 106455933.8