# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

BRANDI YIP, OVETA TRUBOW,         CASE NO.: . 9:19-cv-80538- BER
FRAN ECKER, and PATRICIA SAMPSON,

    Plaintiffs,

v.

NMS MANAGEMENT SERVICES, INC.,
EXAMONE WORLD WIDE, INC., and
ELAINE TAULE,

    Defendants.
_____/

## JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL OF PLAINTIFFS' CLAIMS WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW

*Pro se* Plaintiffs Brandi Yip and Oveta Trubow (collectively, "Plaintiffs"), and Defendants ExamOne World Wide, Inc., NMS Management Services, Inc. and Elaine Taule (together, the "Parties"), have entered into a Joint Settlement Agreement to settle all claims arising from the work Plaintiffs performed as Mobile Examiners. The Joint Settlement Agreement settles all the claims brought by Plaintiffs in this Action.[1] The Parties hereby move the Court for approval of the agreed-upon terms of settlement in this action. If the Court approves the Joint Settlement Agreement, the parties request that the Court execute the Proposed Order dismissing Plaintiffs' Claims with Prejudice. In further support hereof, the Parties state as follows:

    1. Plaintiffs have alleged, *inter alia*, that they were not paid correctly for all overtime hours that they worked and that they were not paid the minimum wage, in violation of the Florida Minimum Wage Act and the Fair Labor Standards Act ("FLSA"). They further have

---

[1] The broad terms of this Joint Settlement Agreement arise from the Mediated Settlement arrived at in January 2020, at a time when Plaintiffs were represented by counsel. The mediated Settlement Agreement also settled the claims with Opt-ins Ecker and Sampson, and the Defendants expect to file a separate approval motion with those Opt-ins.

alleged that they were retaliated against and terminated for joining other wage and hour litigation in violation of the FLSA, 29 U.S.C. § 215(A)(3) and Florida Whistleblower Act.

2. Defendants deny Plaintiffs' allegations of minimum wage and overtime violations and contend that they paid Plaintiffs correctly. Defendants further deny the allegations of retaliatory termination.

3. To avoid the risks and unknowns as well as the costs of protracted litigation, the parties desire to fully and finally resolve this action, and dismiss all claims that Plaintiffs raised or could have raised in this Action. The Parties, with counsel, engaged in a settlement conference with a U.S. Magistrate in October 2019 and a mediation with a court appointed mediator in January 2020, engaged in extended settlement negotiations, exchanged documents and data to educate each other about their position, and eventually reached agreement on all issues. After a full review of the facts and information, the Parties agree that the negotiated terms of the settlement represent a fair, reasonable and just compromise of disputed issues.

4. As noted *supra*, the settlement in this action involves both state law claims and FLSA claims. Settling parties routinely seek judicial approval of a proposed settlement to ensure fairness and to give effect to the FLSA releases. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (stating that claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). The law favors compromise and settlement of lawsuits. *See Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977); *see also Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (noting "strong judicial policy favoring settlement").

5. Approval is warranted where a settlement resolves a *bona fide* dispute between the parties "with respect to coverage [and] amount due under the [FLSA]," is fair and reasonable,

and is the product of serious, informed, arm's-length negotiations. *Lynn's Food Stores*, 679 F.2d at 1353-54 & n.8; *see also Bennett*, 737 F.2d at 987 n.9. This settlement was arrived at after a settlement conference with a U.S. Magistrate and a mediation with an experienced court-appointed mediator. The Parties agree that the settlement is fair, just, and adequate to settle the claims of Plaintiffs against Defendants. When a Court is asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F Supp. 2d 1142, 1146 (M.D. Fla. 2005).

6. The Parties dispute in good faith whether any liability exists in the instant action. Defendants believe the Plaintiffs were independent contractors who worked for NMS and, as such, were not entitled to overtime. Moreover, Defendants believe Plaintiffs were fully compensated for every hour they worked for NMS. Plaintiffs believe they were misclassified, that they were non-exempt employees, and that they were not paid for all of the time they worked. Nonetheless, they have agreed to settle all claims in this action through the execution of the Joint Settlement Agreement, because the Parties agree that if they had continued to litigate this matter, they would have faced uncertain risk and unavoidable fees and costs to prove their claims and defenses at summary judgment and/or at trial.

7. While Plaintiffs believe the allegations asserted in the action have merit and are supported by the information developed to date, Plaintiffs Yip and Trubow understand that the resolution of liability and damage issues, the outcome of trial, and the inevitable appeals process are inherently uncertain in terms of outcome and duration, and recognize the expense and delay which would be incurred as the result of the proceedings necessary to prosecute the action against Defendants through trial and appeal. In reaching the resolution of this matter, Plaintiffs Yip and Trubow took into account the uncertain outcome and risk of any litigation.

8. The Settlement Agreement is fair and reasonable as it confers substantial benefits upon Plaintiffs and was reached after in-depth information exchange, a settlement conference with a U.S. Magistrate, a mediation in the federal case conducted by an experienced mediator, and over a year of settlement discussions, and another nine (9) months of subsequent negotiations over the terms of the written Settlement Agreement and manner in which to obtain its approval. Its terms represent a successful resolution of the claims given that a trier of fact might conclude that Plaintiffs are not entitled to any relief or to relief in an amount less than the amount agreed to in the Joint Settlement Agreement.

9. Accordingly, the Parties respectfully move the Court for approval of the negotiated settlement terms in the Joint Settlement Agreement pursuant to *Lynn's Food Stores, Inc.* As the terms of the settlement are confidential, and pursuant to the Court Conference held on October 8, 2020, the Parties are concurrently filing the Joint Settlement Agreement under seal for the Court's review and approval.

**WHEREFORE**, the Parties respectfully move for entry of the attached Order approving the Joint Settlement Agreement, including the release of all Plaintiffs' claims as asserted in that agreement, and dismissing the Plaintiffs' claims in this Action with prejudice.

Dated: November 9, 2020

Respectfully submitted,

*/s/*
Brandi Yip, Pro Se
Plaintiff

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Mark E. Zelek*
    Mark E. Zelek
 Fla. Bar No.: 667773
 Email: mark.zelek@morganlewis.com

*/s/*
Oveta Trubow, Pro Se
Plaintiff

200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Tel: 305.415.3000

*Counsel for Defendant*
*ExamOne World Wide, Inc.*

*/s/ Adi Amit*
Adi Amit, Esq.
ADI AMIT P.A.
101 N.E. Third Ave, Suite 300
Ft. Lauderdale, FL 33301
adi@defenderofbusiness.com

*Counsel for Defendants NMS Management*
*Services, Inc. and Elaine Taule*

/s/ *Brandi Yip*
Brandi Yip, Pro Se
Plaintiff


/s/ _____
Oveta Trubow, Pro Se
Plaintiff

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ _____
   Mark E. Zelek
 Fla. Bar No.: 667773
 Email: mark.zelek@morganlewis.com

200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Tel: 305.415.3000

*Counsel for Defendant*
*ExamOne World Wide, Inc.*


/s/ _____
Adi Amit, Esq.
ADI AMIT P.A.
101 N.E. Third Ave, Suite 300
Ft. Lauderdale, FL 33301
adi@defenderofbusiness.com

*Counsel for Defendants NMS Management*
*Services, Inc. and Elaine Taule*

/s/
Brandi Yip, Pro Se
Plaintiff

/s/
Oveta Trubow, Pro Se
Plaintiff

MORGAN, LEWIS & BOCKIUS LLP

By: /s/
Mark E. Zelek
Fla. Bar No.: 667773
Email: mark.zelek@morganlewis.com

200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Tel: 305.415.3000

*Counsel for Defendant
ExamOne World Wide, Inc.*

/s/
Adi Amit, Esq.
ADI AMIT P.A.
101 N.E. Third Ave, Suite 300
Ft. Lauderdale, FL 33301
adi@defenderofbusiness.com

*Counsel for Defendants NMS Management
Services, Inc. and Elaine Taule*